IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD REED,

    Petitioner,                 No. 2:11-cv-3249 GEB EFB P

    vs.

WILLIAM KNIPP,

    Respondent.            FINDINGS AND RECOMMENDATIONS

                          /

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss on the grounds that the petition fails to state a federal claim for relief and, alternatively, that petitioner has not exhausted his state remedies. For the reasons explained below, the motion must be granted.

**I.  Background**

The instant petition challenges a disciplinary action taken against petitioner in August 2010. On August 13, 2010, petitioner was charged with a violation of California Code of Regulations, title 15, section 3016(a), possession of inmate manufactured alcohol. Resp.'s Mot. to Dismiss ("MTD"), Ex. A, Dckt. No. 10-1 at 2.[1] On August 18, 2010, petitioner appeared for a

---

[1] The page numbers cited herein are those assigned by the court's electronic docketing system and not those assigned by the parties.

1

disciplinary hearing and was found guilty of the charged offense. *Id* at 5-6. Petitioner filed an administrative appeal challenging the disciplinary conviction. MTD, Ex. B, Dckt. No. 10-1 at 27-28. His grievance was denied through the Director's Level of Review. *Id*. However, at the Director's Level it was determined that petitioner had inappropriately been convicted of violating section 3016(a)[2], and that petitioner's conduct more appropriately reflected a violation of section 3016(b),[3] possession of drug paraphernalia. *Id*. at 34. The decision therefore ordered that the rules violation be changed from section 3016(a) to section 3016(b). *Id*.

Petitioner subsequently filed a state habeas petition in the Amador County Superior Court, challenging the disciplinary decision. MTD, Ex. B. He argued that there was no evidence that he possessed a controlled substance or paraphernalia in violation of section 3016(b). *Id*. at 12-14. The Amador County Superior Court denied the petition on March 8, 2011. MTD, Ex. C, Dckt. No. 10-1 at 36-37. Petitioner then filed a habeas petition in the California Court of Appeal, Third Appellate District, again claiming that there was no evidence that he possessed a controlled substance or paraphernalia in violation of section 3016(b). Dckt. No. 10-1 at 40-48. The appeals court ordered a response to the petition, Dckt. No. 10-1 at 39, and the respondent therein explained that subsequent to petitioner filing his habeas petition in the California Court of Appeal, an administrative review was conducted. MTD, Ex. E, Dckt. No. 10-1 at 69. The review concluded that the decision changing petitioner's rule violation to section 3016(b) was erroneous and had been amended to find a violation of section 3016(a). *Id*. at 69-71. Thereafter, the Court of Appeal denied the petition on June 9, 2011. MTD, Ex. F,

---

[2] California Code of Regulations, title 15, section 3016(a) provides that "[i]nmates shall not inhale, ingest, inject, or otherwise introduce into their body; use, possess, manufacture, or have under their control any controlled substance, medication, or alcohol, except as specifically authorized by the institution's/facility's health care staff."

[3] California Code of Regulations, title 15, section 3016(b) provides that "[i]nmates shall not possess, exchange, manufacture, or have under their control any paraphernalia as defined by Health and Safety Code section 11014.5, or device related to the use, injection, or manufacture of any controlled substance, except as specifically authorized by the institution's/facility's health care staff."

2

Dckt. No. 10-1 at 87.

Notwithstanding the amendment to the disciplinary violation, petitioner filed a third state habeas petition. That petition, filed in the California Supreme Court, was identical to the petition filed in the California Court of Appeal. *See* MTD, Exs. D, G. The California Supreme Court denied that petition on November 16, 2011. MTD, Ex. H, Dckt. No. 10-1 at 119.

Petitioner filed the instant federal petition on December 7, 2011. Dckt. No. 1. That petition asserts the same claim presented to the California Court of Appeal and the California Supreme Court.

**II.   Discussion**

Respondent moves, pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases ("Rule 4"), for dismissal of the petition on the ground that petitioner has failed to state a federal claim for relief. Specifically, respondent argues that this action must be dismissed because petitioner has already received the relief he seeks. Dckt. No. 10 at 4. Although respondent requests dismissal based on an alleged failure to state a claim, respondent's motion is more appropriately viewed as motion to dismiss for lack of subject matter jurisdiction.

Standing is an element of subject matter jurisdiction. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003). The requirement that a party have "standing" to bring an action is part of the case-or-controversy provision of Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In habeas actions, the case-or-controversy requirement mandates that a petitioner must have suffered, or be threatened with, an actual injury traceable to the respondent and redressable by issuance of the writ. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The determination of whether a party has standing is based on the facts as they existed at the time the petition was filed. *Jacobs v. Clark Cnty. School Dist.*, 526 F.3d 419, 425 (9th Cir. 2008).

////

////

1    Petitioner alleges that the "CDCR Director vacated the possession of alcohol charge
2 [and] . . . found Petitioner guilty of violating [section] 3016(b), possession of drug
3 paraphernalia." Dckt. No. 1 at 4. He further contends that there was "no evidence that petitioner
4 violated [section] 3016(b)." *Id*. at 7. He therefore requests that a writ issue. *Id*. at 8.

5    Subsequent to petitioner seeking habeas relief in the California Court of Appeal, the state
6 conceded that there was no basis for sustaining his conviction for violation of section 3016(a).
7 The Director's Level decision was amended on April 29, 2011, to remove the conviction for
8 violation of section 3016(b). MTD, Ex. E, Dckt. No. 10-1 at 81-82. Thus, at the time petitioner
9 filed the instant habeas action, he no longer had a valid conviction for violation of section
10 3016(b). As petitioner only challenges that conviction, which no longer exists, there is no harm
11 for the court to redress. Accordingly, the court is without subject matter jurisdiction over
12 petitioner's claim.

13    The undersigned is cognizant that the amended Director's decision resulted in the
14 reinstatement of the original conviction for violation of section 3016(a). *See id*. It is apparent
15 from the record that petitioner initially disputed the validity of his conviction under 3016(a).
16 Indeed, it was petitioner's administrative challenge to his conviction under section 3016(a) that
17 eventually led to the decision finding him guilty of violating section 3016(b). But even if
18 petitioner were granted leave to amend his petition to challenge his conviction for a violation of
19 section 3016(a), such an amendment would be futile. Petitioner has not presented a claim
20 challenging his conviction for violation of section 3016(a) to the California Supreme Court.

21    A district court may not grant a petition for a writ of habeas corpus unless the petitioner
22 has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be
23 deemed to have waived the exhaustion requirement unless the state, through counsel, expressly
24 waives the requirement. 28 U.S.C. § 2254(b)(3).

25    Exhaustion of state remedies requires that petitioners fairly present federal claims to the
26 highest state court, either on direct appeal or through state collateral proceedings, in order to give

the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

The instant petition is virtually identical to the habeas petition that was filed in the California Supreme Court. In both petitions, petitioner claims that there was insufficient evidence to support a conviction under 3016(b). He does not contend that a conviction under 3016(a) is impermissible. As the California Supreme Court only had the opportunity to decide petitioner's challenge to his conviction under section 3016(b), any potential claim challenging petitioner's conviction under 3016(a) remains unexhausted. Accordingly, leave to amend would be futile.

5

## IV. Conclusion

In light of the foregoing, the undersigned finds that the court lacks subject matter jurisdiction over petitioner's claim. Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, Dckt. No. 10, be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: March 11, 2013.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE